UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    PLAINTIFF,

MALERIE MEYERS,                        Case No. 3:04-cv-978-J-16MMH

    INTERVENOR

v.

JAX INNS INC.
D/B/A SPINDRIFTER HOTEL
_____/

**CONSENT DECREE**

1. This Consent Decree is entered into by and between Plaintiff, the Equal Employment Opportunity Commission (hereinafter referred to as the "Commission" or "EEOC"), Plaintiff Intervenor, Malerie Meyers (hereinafter referred to as "Plaintiff Intervenor" or "Ms. Meyers") and the Defendant, Jax Inns, Inc. d/b/a Spindrifter Hotel (hereinafter referred to as "Defendant" or "Jax Inns"). The Commission, the Intervenor, and Jax Inns are collectively referred to as the "Parties".

2. The Commission filed this action on September 30, 2004 under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Malerie Meyers, who was adversely affected by such practices.

3. The court granted Plaintiff-Intervenor's Motion to Intervene in the above-styled case. Plaintiff-Intervenor's Complaint alleged that Jax Inns violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e) et seq. ("Title VII") and Title I of the Civil Rights Act of 1991, and various other causes of action grounded upon the Florida Civil Rights Act of 1992.

4. Jax Inn Inc. denies and continues to deny any wrong doing.

5. In the interest of resolving this matter, to avoid the costs of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by the entry of this Decree. This Decree is final and binding upon the Parties, their successors and assigns.

6. The parties agree that this Decree resolves all the claims against Defendant alleged in EEOC charge number 150 2003 03166 and civil action number 3:04-cv-978-J-16MMH. The Parties further agree that this Decree does not resolve any Charges of Discrimination that may be pending with the EEOC other than the charge referred to in this paragraph.

NOW, THEREFORE, the Court having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings filed by the parties, it is ORDERED, ADJUDGED AND DECREED THAT:

### I. JURISDICTION

7. This court has jurisdiction of the subject matter of this action and over the Parties for the

purposes of entering and enforcing this Decree.

8. No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of the EEOC to bring an enforcement suit upon breach of any terms of this Decree.

## II. GENERAL PROVISIONS AND INJUNCTIVE RELIEF

9. The Defendant, its officers, managers, employees, agents, partners and assigns, are enjoined from engaging in any conduct which violates Title VII by adversely affecting the terms and conditions of any individual's employment because of their race.

10. Defendant, its officers, managers, employees, agents, partners and assigns, shall not discriminate against any individual who opposes any of Defendant's practices which the employee believes to be unlawful employment discrimination, who files a charge of discrimination with the EEOC alleging violations of the Statutes the Commission enforces; who cooperates with the EEOC in investigation and /or prosecution of any charge of discrimination; or who cooperated in the investigation or who offered testimony or information in the above styled litigation which resulted in this Consent Decree.

## III.   DEVELOPMENT OF POLICES AND TRAINING

11. Defendant has established a written race discrimination and harassment policy which is attached hereto as Exhibit A. A complete copy of this policy will be distributed to all its current employees by April 1, 2006. Defendant further agrees that all new employees

will be provided a copy of the policy within one week of employment.

12. In order to further ensure the effective implementation of Defendant's anti-discrimination policies, Defendant will conduct an annual training throughout the duration of this Decree for all of its managers and supervisory personnel at all Jax Inns facilities with specific emphasis on recognizing race discrimination and acts that constitute unlawful harassment and discrimination because of race and the proper procedure to be followed if they become aware of race discrimination in the workplace and/or if they receive a complaint of such discrimination. The first training shall be 8 hours and each training thereafter shall be four hours. Defendant agrees to provide the EEOC with at least two (2) weeks notice before it conducts its training session(s), with the date(s) and location(s) of the training, the identification of the training materials to be used at the training session, and the name and job title of the employees who will be in attendance at the training. The training will be conducted by WCI. Additionally, Defendant agrees that the EEOC may, at the EEOC's discretion, be in attendance at each training session(s).

13. Defendant agrees that the training described in paragraph 11 shall be conducted by June 1, 2006, and should thereafter take place by June 1st annually for the duration of this Decree. Defendant further agrees that a video tape of training described in paragraph 12 shall be given to all new managers and supervisors who did not attend the annual training <u>within thirty (30) days</u> of being placed in a management or supervisory position.

## IV.   POSTING

14. Defendant shall post a laminated 11X17 size copy of the notice attached hereto as Exhibit B within 7 days of the entering of this decree. Said notice shall be posted in conspicuous locations accessible to all employees. ( i.e. break room, employee bulletin board, cafeteria, above water fountains, etc). This notice is to remain posted for the duration of this Decree.

## V.   REPORTING AND MONITORING

15. Defendant will retain all employment records relating in any way to any complaint made to a supervisor, manager or human resource officer and to any investigation of race discrimination at Defendant's facilities in the State of Florida for the duration of this Decree and as required by federal law.

16. For the duration of this Decree, Jax Inns will provide the EEOC with the name, last known address and last known phone number of any person employed at Defendant's Florida locations who complains to his or her Manager/Supervisor, Human Resources Department, or the President that he or she has been subjected to race discrimination while working at Defendant's Florida locations during the preceding six (6) months. Defendant will also state its actions taken in response to each such allegation. The first report shall be submitted no later than September 15, 2006, and each report thereafter shall be produced semi-annually on March 15, and September 15 throughout the duration of this decree. Jax Inns will provide upon request by the Commission (a) a copy of the complaint, or if no written complaint was filed, a statement describing the nature of the

complaint; (b) a statement describing the actions taken in response to the complaint; and (c) outcome regarding such complaint.

17. Defendant will certify to the EEOC every six (6) months throughout the duration of this Decree that it is in compliance with all aspects of this Decree. The first such certification will be due no later than September 15, 2006, and thereafter biannually on March 15 and September 15 throughout the duration of this consent decree.

18. The Defendant will appoint one individual who shall be responsible for coordinating Defendant's compliance with this Consent Decree and for providing reports to the EEOC. This person shall be appointed and the EEOC notified of his or her identity within 15 days of the Court's approval of this Consent Decree. All reports and documents required to be delivered by Defendant to the EEOC pursuant to this Consent Decree shall be mailed with the notation: JAX INNS INC MONITORING to: United States Equal Employment Opportunity Commission, Attention: Office of the Regional Attorney, 1 Biscayne Tower Building Suite 2700, 2 South Biscayne Blvd, Miami, FL 33131

### VII.   MONETARY RELIEF

19. Defendant shall pay a lump sum in the amount of Ninety-nine thousand dollars ($99,000.00) in resolution of this litigation within thirty (30) calendar days from the Court's execution of this Decree. The monies shall be distributed as set forth in Exhibit C. All payments referenced in Exhibit C shall issue within thirty (30) calendar days from the Court's execution of this Decree, by certified mail in the name of: "Malerie Meyers and, Archibald J. Thomas, III PA, her attorney; . The checks shall be mailed to the Law

Offices of Archibald J. Thomas III, P.A. Suite 1640, Riverplace Tower, 1301 Riverplace Blvd, Jacksonville, FL 32207. Copies shall be forwarded to the attention of Jennifer Brown, Trial Attorney, U.S. Equal Employment Opportunity Commission, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 2700, Miami, Florida 33131.

20.  If Defendant fails to tender the above-mentioned payments, the Defendant shall:

   1.  pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C.§ 6621(b) until the same is paid; and

   2.  bear any additional costs incurred by EEOC caused by non-compliance or delay of the Defendant.

## VI.   ENFORCEMENT

21.  The Commission shall have independent authority to seek judicial enforcement of each aspect, term, provision and attachment of this Decree. The Commission will take whatever measures it deems appropriate to effectuate the enforcement of the terms of this decree.

## IX.   COSTS

22.  Each party shall bear its own costs and attorney's fees associated with this litigation from the monetary relief provided in this Decree.

## DURATION OF CONSENT DECREE

23. The duration of this Decree shall be three (3) years from the date of entry of the Decree.

SO ORDERED ADJUDGED AND DECREED, this 27 day of April 2006.

JOHN H MOORE II
UNITED STATES DISTRICT JUDGE

AGREED TO:
FOR THE PLAINTIFF,
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

by: _____   Date: 3/10/06
Delner Franklin-Thomas
Regional Attorney
U.S. Equal Employment Opportunity Commission
Miami District Office
One Biscayne Tower, Suite 2700
2 South Biscayne Boulevard
Miami, Florida 33131

AGREED TO:
FOR THE PLAINTIFF-INTERVENORS
MALERIE MEYERS

by: _____   Date: 3/10/06
Archibald J. Thomas
The Law Offices of Archibald J. Thomas, III. P.A.
Suite 1640 Riverplace Tower
1301 Riverplace Blvd
Jacksonville, FL 32207
Attorney's for the Intervenor

AGREED TO:
FOR THE DEFENDANT
JAX INNS INC.
d/b/a SPINDRIFTER HOTEL

by: _____   Date: 3/10/06
Scott A. Forman
Littler Mendelson P.C.
One Biscayne tower Build
2 S. Biscayne Blvd Suite 1500

Miami, FL 33131
(305) 400-7500

# EXHIBIT A

## EQUAL EMPLOYMENT OPPORTUNITY

It is the policy of our company to afford fair and equal employment opportunity to all persons regardless of race, color, sex, national origin, age, or handicap. All employment decisions and practices, including hiring, training, promotion, transfers, compensation, and benefits are nondiscriminatory and based solely on merit. Our purpose is to provide a work environment that is free of discrimination.

We also, intend that the work environment will be free of any intimidation, hostility, or harassment based on or motivated by discrimination. We view such conduct as a very serious matter, and no form of such intimidation or harassment will be tolerated. Harassment encompasses a broad range of physical or verbal behavior, but some examples of prohibited conduct are:

- Physical or mental abuse.

- Racial, ethnic, or sexual insults, jokes, or slurs.

- Sexual advances.

- Requests for sexual favors.

- Any offensive behavior or language that creates a hostile or intimidating work atmosphere because of its sexual, sexist, racial, or ethnic content.

This list of examples is not all inclusive. Any employee who believes that he or she has been subjected to discrimination or discriminatory harassment should report the conduct immediately to any Supervisor, the General Manager, or the Personnel Office in our home office. All complaints and related information will be investigated and kept strictly confidential.

## OPEN DOOR POLICY

Our "Open Door Policy" simply means that your are free to discuss with us any problem at any time with no reluctance or hesitation. This is one of the most important benefits offered to you as an employee.

As you would expect, you should always begin by discussing your problem or question with your Supervisor unless the problem directly involves your Supervisor and is so sensitive that you feel you cannot discuss it with your Supervisor comfortably. If your Supervisor is unable to answer your question or to resolve your problem satisfactorily, you are perfectly free to contact the next level of management and so on up the line. The appropriate steps are as follows:

STEP 1: Discuss the problem with your immediate Supervisor to see if a satisfactory conclusion can be reached. If the problem cannot be discussed with your immediate Supervisor, or if you are still dissatisfied after discussing the problem with your Supervisor, go to STEP 2.

STEP 2. Speak with your Supervisor's immediate superior; if you cannot discuss the problem with that person, or if you are still dissatisfied after doing so, proceed by the chain of command until you reach the General Manager. For example, a Restaurant employee would go first to the immediate Supervisor, then to the Food and Beverage Director, and finally to the General Manager.

2

## OPEN DOOR POLICY    *continued...*

**STEP 3:** After talking with the General Manager, if you still feel that your problem has not been satisfactorily resolved, submit details in writing to the Personnel Department in our home office, and someone from that department will contact you or give you a written reply within fourteen days.

It is our policy to answer all inquiries by employees and to do what is reasonable to resolve complaints in a way that will be fair to all concerned.

# EXHIBIT B

### NOTICE TO ALL EMPLOYEES
### POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE
### UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND JAX INNS, INC. d/b/a SPINDRIFTER HOTEL

This notice is being posted pursuant to a Consent Decree entered by the Court in <u>EEOC vs. Jax Inns, Inc. d/b/a Spindrifter Hotel</u> Civil Action No. 3:04-cv-978-16MMH. Jax Inns Inc. has adopted a policy that prohibits discrimination against employees in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Title VII protects individuals from employment discrimination because of their race religion, color, national origin, or sex. Title VII also protects individuals from retaliation for having complained of an unlawful employment practice. Jax Inns will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, race discrimination.

Furthermore, Jax Inns Inc., supports Title VII and will not take any retaliatory action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with the EEOC.

Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated Jax Inns, Inc. policies prohibiting discrimination.

This notice shall remain posted for three (3) years from the date Decree entered. Employees or applicants for employment who have questions about their rights under Title VII or any other federal anti-discrimination law may telephone a WCI Inc at 1 866 924 4243 or the Miami District Office of the Equal Employment Opportunity Commission at 1-800-669-4000.

Signed this ____ day of _____, 2006.


_____
PRESIDENT/CEO, Jax Inns, Inc.



DO NOT REMOVE BEFORE _____, 2009.

# EXHIBIT C

1. Defendant shall pay a lump sum in the amount of ninety-nine thousand dollars ($99,000.00) in resolution of this litigation. Six thousand four hundred dollars ($6,400.00) shall be representative of lost wages for Ms. Malerie Meyers, less amounts required to be withheld for federal, state, and local income taxes. Defendant shall be responsible for the payment of the employer's share of any federal, state and local, income taxes, and social security withholdings. Defendant shall issue an issue an IRS form and W-2, and;

2. Fifty-seven thousand dollars ($57,000.00) shall be representative of compensatory and punitive damages for Ms. Malerie Meyers. The Defendant shall issue an IRS form 1099 for these monies.